**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| INNOVATIVE TRANSMISSION LLC,<br><br>Plaintiff,<br><br>v.<br><br>AT&T MOBILITY LLC, AT&T SERVICES, INC. and AT&T ENTERPRISES LLC<br><br>Defendants. | Civil Action No.: 2:26-cv-00725<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Innovative Transmission LLC ("Innovative Transmission" or "Plaintiff") through its attorneys, for its Complaint against AT&T Mobility LLC, AT&T Services, Inc. and AT&T Enterprises LLC ("Defendants" or "AT&T"), demands a trial by jury and alleges as follows:

## THE PARTIES

1. Innovative Transmission is a limited liability company organized under the laws of the State of Texas having offices at 5570 FM 423, Suite 250 Frisco, TX 75036.

2. On information and belief AT&T Mobility LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 1025 Lenox Park Boulevard NE, Atlanta, Georgia 30319. AT&T Mobility may be served through its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 and CT Corporation System 1999 Bryan Street Suite 900, Dallas, Texas 75201.

3. Defendant AT&T Services, Inc. is a corporation organized and existing under the laws

of Delaware. AT&T Services may be served through its registered agent CT Corporation System 1999 Bryan Street Suite 900, Dallas, Texas 75201.

4. Defendant AT&T Enterprises, LLC is a limited liability company organized and existing under the laws of Delaware. AT&T Enterprises may be served through its registered agent CT Corporation System 1999 Bryan Street Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over AT&T in this action because AT&T conducts business and continues to conduct business in Texas and AT&T has committed and continues to commit acts of patent infringement in this District directly and through intermediaries or subsidiaries, by, among other things, making, using, offering to sell and selling accused products in Texas and/or committing at least a portion of any other infringement alleged herein and/or inducing others to do the same and contributing to said infringement. AT&T regularly conducts and solicits business in, engages in other persistent courses of conduct in and/or derives substantial revenue from goods and services provided to the residents of this District and the State of Texas. AT&T is subject to jurisdiction pursuant to due process and/or the Texas Long Arm Statute due to its substantial business in this State and District, including at least its infringing activities, regularly doing or soliciting business at its Texas facilities and engaging in persistent conduct and deriving substantial revenues from goods and services provided to the residents of the State of Texas including the Eastern District of Texas.

7. AT&T, directly and/or through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. These products and/or services have been and continue to be purchased and used in the Eastern District of Texas.

8. Venue is proper in this District pursuant to at least 28 U.S.C. §1391 and §1400(b). Upon information and belief, AT&T has conducted and continues to conduct business in this District and/or AT&T has committed and continues to commit acts of patent infringement in this District, by among other things, making, using, importing, offering to sell and selling products that infringe the Asserted Patents.

9. Venue is proper in this District under 28 U.S.C. §1391 (b), (c), (d) and §1400(b). AT&T is registered to do business in Texas and upon information and belief, has transacted business in this District and has committed acts of direct and indirect infringement in this District, by among other things, making, using, offering to sell, selling in the United States and importing into the United States products that infringe the Asserted Patents. AT&T has regular and established places of business in this District, including at 4757 South Broadway Avenue, Tyler, Texas 75703; 2028 Southeast Loop #323, Tyler, Texas 75701; and 8922 South Broadway Avenue, Tyler, Texas, 75703 (among others), all of which are located within this District.

10. AT&T also has what it refers to as AT&T Foundry at 2900 W. Plano Parkway, Plano, Texas, 75075, which it uses to design, test, use and sell telecommunications services, including services that infringe the Asserted Patents.

11. AT&T advertises its wireless networks are available in Texas, including within the Eastern District of Texas. Further, AT&T owns, leases, maintains and/or operates cellular base

stations in this District that provide data services and products to AT&T customers in this District, including numerous cell tower locations in Tyler, Texas, Longview, Texas and Marshall, Texas.

12. In other recent actions, AT&T has either admitted or not contested that this federal judicial district is a proper venue for patent infringement actions against it. *See*, *e.g*., *Smart RF Inc. v. AT&T Mobility LLC,* No. 2:24-cv-00195-JRG, Dkt. 23; *Cornell University, et. al. v. AT&T Inc. et. al.,* No. 2:25-cv-00054-JRG-RSP, Dkt. 35.

13. AT&T operates and sells access to a mobile network that provides telecommunication, Internet service, multi-media services and other services to customers via cellular base stations located in this District and throughout the United States, in infringement of the Asserted Patents. AT&T's cellular coverage extends to cities in this District, including within the Marshall division, according to AT&T's website.

14. AT&T derives benefits from its presence in this District, including but not limited to, sales revenue and serving customers using its mobile network in this District. For example, AT&T receives revenue from its corporate stores in this District, by selling network access, phones/products and services and by receiving payment for network access, phones/products and services.

**THE ASSERTED PATENTS**

15. On March 17, 2020, the United States Patent and Trademark Office issued U.S. Patent No. 10,595,227, titled "Apparatus for simultaneously multiplexing and transmitting broadband traffic and machine-to-machine communication traffic or ultra-low-delay communication traffic using same resource and method therefor" (the "'227 patent"). A true and correct copy of the '227 patent is attached hereto as Exhibit A. Innovative Transmission owns all rights and title to the '227 patent, as necessary to bring this action. The '227 patent is presumed valid.

16. On November 7, 2017, the United States Patent and Trademark Office issued U.S.

Patent No. 9,813,203, titled "Generation of a Pilot Signal in a Base Station" (the "'203 patent"). A true and correct copy of the '203 patent is attached hereto as Exhibit B. Innovative Transmission owns all rights and title to the '203 patent, as necessary to bring this action.

## NOTICE AND MARKING

17. As set forth below, AT&T has been on constructive and/or actual notice of the Asserted Patents.

18. Innovative Transmission has complied with 35 U.S.C. § 287 with respect to the Asserted Patents. Innovative Transmission has not made, offered for sale, sold, or imported into the United States any products that are covered by any of the Asserted Patents. Thus, there are no Innovative Transmission products that would require marking under 35 U.S.C. § 287.

## FIRST COUNT

## (INFRINGEMENT OF U.S. PATENT NO. 10,595,227)

19. Innovative Transmission incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

20. Innovative Transmission is the assignee and lawful owner of all right, title, and interest in and to the '227 patent.

21. On information and belief, AT&T operates and sells access to a mobile network that provides telecommunication, Internet and other services to customers via cellular base stations located in this District and throughout the United States. AT&T's network infrastructure relies on using technology and equipment, including said cellular base stations (the "Accused Instrumentalities") in a matter that infringes the '227 patent.

22. AT&T's Accused Instrumentalities infringe the '227 patent by, among other things, communicating with and/or using customers' mobile devices (also referred to as "terminals," "user equipment" or "UE") in accordance with the 3GPP 5G standard.

23. AT&T's Accused Instrumentalities have directly infringed and continue to directly infringe at least claim 10 of the '227 patent by, among other things, operating a cellular network that practices a method for simultaneously multiplexing and transmitting a broadband traffic (e.g., eMBB traffic) and an ultra-reliable low latency communication traffic (e.g., uRLLC traffic) using the same resource in synchronization, in violation of 35 U.S.C. § 271(a).

24. The '227 patent Accused Instrumentalities satisfy all claim limitations of one or more claims of the '227 patent. A claim chart comparing exemplary independent claim 10 of the '227 patent to representative Accused Instrumentalities is attached as Exhibit C.

25. By having operated, sold and/or used and continuing to operate, sell and/or use the '227 patent Accused Instrumentalities, AT&T has injured Innovative Transmission and is liable for infringement of the '227 patent pursuant to 35 U.S.C. § 271(a).

26. AT&T also indirectly infringes the '227 patent by inducing others to infringe and contributing to the infringement of others, including third-party users of the '227 patent Accused Instrumentalities in this District and throughout the United States. AT&T has known about the '227 patent since at least the filing and service of the complaint in this action.

27. On information and belief, AT&T has actively induced the infringement of the '227 patent under 35 U.S.C. § 271(b) by actively inducing the infringement of the '227 patent Accused Instrumentalities by third parties in the United States. AT&T knew or was willfully blind to the fact that its conduct would induce these third parties to act in a manner that infringed the '227 patent in violation of 35 U.S.C. § 271(a).

28. AT&T actively encourages third parties to directly infringe the ’227 patent by, for example, marketing the ’227 patent Accused Instrumentalities and infringing functionalities to consumers; working with consumers to implement and/or operate the ’227 patent Accused Instrumentalities and infringing functionalities; fully supporting and managing consumers’ continuing use of the ’227 patent Accused Instrumentalities and infringing functionalities; and providing technical assistance to consumers during their continued use of the ’227 patent Accused Instrumentalities and infringing functionalities.

29. For example, AT&T has induced and continues to induce third parties to infringe the ’227 patent by encouraging and instructing them to, e.g., use the ’227 patent Accused Instrumentalities. As an example, on its website AT&T has advertised how the infringing functionality improves the speed and reliability of its 5G cellular networks, to encourage customers to use the ’227 patent Accused Instrumentalities. *See* AT&T Blog, “AT&T 5G Standalone Nationwide”[1] (“Today marks another bold leap into the future of wireless connectivity: AT&T’s 5G Standalone (SA) network is deployed nationwide . . . . By using a dedicated 5G core, it can unlock capabilities like faster upload speeds, ultra-low latency, ultra-high reliability and edge functions.”). As another example, on its website AT&T provides instructions on how customers can gain access to and use its 5G cellular networks, which operate using the ’227 patent Accused Instrumentalities. *See* AT&T website, “Guide to 5G cell phones and cell phone service”[2] (“If you’re already on an AT&T unlimited plan, and have a 5G-enabled device, you’ll get 5G access at no extra charge. If you have an older AT&T plan that doesn’t include 5G service, you’re going to want to switch to one of these newer plans.”).

---

[1] Available at https://about.att.com/blogs/2025/5g-standalone-nationwide.html.

[2] Available at https://www.att.com/wireless/5g-cell-phone-wireless-service/.

30. AT&T actively and intentionally has encouraged and continues to encourage others to infringe the ’227 patent. *See, e.g.*, *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (advertising or instructing an infringing use “show an affirmative intent that the product be used to infringe.”); *Barry v. Medtronic, Inc.,* 914 F.3d 1310, 1334 (Fed. Cir. 2019) (advertising to customers and instructing them on how to engage in an infringing use satisfied the intent requirement); *Affinity Labs of Texas, LLC v. Toyota Motor North America.,* No. 13-cv-365, 2014 WL2892285, *7 (W.D. Tex. May 12, 2014) (intent satisfied where defendant provided “technical support and services, as well as detailed explanations, instructions and information as to arrangements, applications and uses” of accused products).

31. On information and belief, AT&T contributorily infringed and continues to contributorily infringe the ’227 patent under 35 U.S.C. § 271(c) by having imported, sold, and/or offered to sell and continuing to import, sell and offer to sell within the United States the ’227 patent Accused Instrumentalities (or components thereof) that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. For example, the software and/or hardware of the Accused Instrumentalities that provides the functionality of multiplexing and transmitting eMBB and uRLLC traffic using the same resource in synchronization are a material part of the invention, have no substantial non-infringing uses, and are known by AT&T to be especially made or adapted for use in a manner that infringed the ’227 patent.

32. As a result of AT&T’s direct and indirect infringement of the ’227 patent, Innovative Transmission is entitled to monetary damages in an amount adequate to compensate for AT&T’s infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, together with interest and costs as fixed by the Court.

33. On information and belief, despite having knowledge of the ’227 patent and

knowledge that it has directly and/or indirectly infringed the ’227 patent, AT&T nevertheless has continued its infringing conduct and disregarded an objectively high likelihood of infringement. AT&T’s infringing activities relative to the ’227 patent have been willful, wanton, malicious, deliberate, consciously wrongful, and an egregious case of misconduct beyond typical infringement such that Innovative Transmission is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed.

34. AT&T’s acts of direct and indirect infringement have caused damage to Innovative Transmission. Innovative Transmission is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of AT&T’s wrongful acts in an amount to be proven at trial.

**SECOND COUNT**

**(INFRINGEMENT OF U.S. PATENT NO. 9,813,203)**

35. Innovative Transmission incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

36. Innovative Transmission is the assignee and lawful owner of all right, title, and interest in and to the ’203 patent.

37. On information and belief, AT&T operates and sells access to a mobile network that provides telecommunication, Internet and other services to customers via cellular base stations located in this District and throughout the United States. AT&T’s network infrastructure relies on using technology and equipment, including said cellular base stations (the “Accused Instrumentalities”) in a matter that infringes the ’203 patent.

38. AT&T’s Accused Instrumentalities infringe the ’203 patent by, among other things, communicating with and/or using customers’ mobile devices (also referred to as “terminals,” “user equipment” or “UE”) in accordance with the 3GPP 5G standard.

39. On information and belief, AT&T has directly infringed one or more claims of the ’203 patent, including at least claim 11 of the ’203 patent by, among other things, operating a cellular network that allows user equipment to connect to the most optimal base station by using pilot signals generated and transmitted from the base stations in accordance with a pilot signal pattern, in violation of 35 U.S.C. § 271(a).

40. The ’203 patent Accused Instrumentalities satisfy all claim limitations of one or more claims of the ’203 patent. A claim chart comparing exemplary independent claim 11 of the ’203 patent to representative Accused Instrumentalities is attached as Exhibit D.

41. By having operated, sold and/or used and continuing to operate, sell and/or use the ’203 patent Accused Instrumentalities, AT&T has injured Innovative Transmission and is liable for infringement of the ’203 patent pursuant to 35 U.S.C. § 271(a).

42. AT&T also indirectly infringes the ’203 patent by inducing others to infringe and contributing to the infringement of others, including third-party users of the ’203 patent Accused Instrumentalities in this District and throughout the United States. AT&T has known about the ’203 patent since at least the filing and service of the complaint in this action

43. On information and belief, AT&T has actively induced the infringement of the ’203 patent under 35 U.S.C. § 271(b) by actively inducing the infringement of the ’203 patent Accused Instrumentalities by third parties in the United States. AT&T knew or was willfully blind to the fact that its conduct would induce these third parties to act in a manner that infringed the ’203 patent in violation of 35 U.S.C. § 271(a).

44. AT&T actively encourages third parties to directly infringe the ’203 patent by, for example, marketing the ’203 patent Accused Instrumentalities and infringing functionalities to consumers; working with consumers to implement and/or operate the ’203 patent Accused

Instrumentalities and infringing functionalities; fully supporting and managing consumers' continuing use of the '203 patent Accused Instrumentalities and infringing functionalities; and providing technical assistance to consumers during their continued use of the '203 patent Accused Instrumentalities and infringing functionalities.

45. For example, AT&T has induced and continues to induce third parties to infringe the '203 patent by encouraging and instructing them to, e.g., use the '203 patent Accused Instrumentalities. As an example, on its website AT&T provides instructions on how customers can gain access to and use its 5G cellular networks, which operate using the '203 patent Accused Instrumentalities. *See* AT&T website, "Guide to 5G cell phones and cell phone service"[3] ("If you're already on an AT&T unlimited plan, and have a 5G-enabled device, you'll get 5G access at no extra charge. If you have an older AT&T plan that doesn't include 5G service, you're going to want to switch to one of these newer plans.").

46. AT&T actively and intentionally has encouraged and continues to encourage others to infringe the '203 patent. *See, e.g.*, *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (advertising or instructing an infringing use "show an affirmative intent that the product be used to infringe."); *Barry v. Medtronic, Inc.,* 914 F.3d 1310, 1334 (Fed. Cir. 2019) (advertising to customers and instructing them on how to engage in an infringing use satisfied the intent requirement); *Affinity Labs of Texas, LLC v. Toyota Motor North America.,* No. 13-cv-365, 2014 WL2892285, *7 (W.D. Tex. May 12, 2014) (intent satisfied where defendant provided "technical support and services, as well as detailed explanations, instructions and information as to arrangements, applications and uses" of accused products).

---

[3] Available at https://www.att.com/wireless/5g-cell-phone-wireless-service/.

47. On information and belief, AT&T contributorily infringed and continues to contributorily infringe the ’203 patent under 35 U.S.C. § 271(c) by having imported, sold, and/or offered to sell and continuing to import, sell and offer to sell within the United States the ’203 patent Accused Instrumentalities (or components thereof) that constitute a material part of the claimed invention and are not staple articles of commerce suitable for substantial non-infringing use. For example, the software and/or hardware of the Accused Instrumentalities involved in the generation and transmission of pilot signals in accordance with a pilot signal pattern are a material part of the invention, have no substantial non-infringing uses, and are known by AT&T to be especially made or adapted for use in a manner that infringed the ’203 patent.

48. As a result of AT&T’s direct and indirect infringement of the ’203 patent, Innovative Transmission is entitled to monetary damages in an amount adequate to compensate for AT&T’s infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, together with interest and costs as fixed by the Court.

49. On information and belief, despite having knowledge of the ’203 patent and knowledge that it has directly and/or indirectly infringed the ’203 patent, AT&T nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. AT&T’s infringing activities relative to the ’203 patent have been willful, wanton, malicious, deliberate, consciously wrongful, and an egregious case of misconduct beyond typical infringement such that Advanced Broadband is entitled to enhanced damages under 35 U.S.C. § 284 up to three times the amount found or assessed.

50. AT&T’s acts of direct infringement have caused damage to Innovative Transmission. Innovative Transmission is entitled to damages in accordance with 35 U.S.C. §§ 271, 281, and 284 sustained as a result of AT&T’s wrongful acts in an amount to be proven at trial.

## PRAYER FOR RELIEF

Innovative Transmission respectfully requests that the Court find in favor of Innovative Transmission and against AT&T, and the Court grant Innovative Transmission the following relief:

A. For judgment that AT&T is liable for infringement of one or more claims of the Asserted Patents, directly and/or indirectly, either literally and/or under the doctrine of equivalents;

B. For judgment that AT&T has willfully infringed one or more claims of the Asserted Patents, directly and/or indirectly, either literally and/or under the doctrine of equivalents;

C. For an accounting of all damages sustained by Innovative Transmission as the result of AT&T's acts of infringement, including compensatory damages in an amount according to proof, and in no event less than a reasonable royalty;

D. For a judgment and order requiring AT&T to pay Innovative Transmission's damages, costs, expenses, and pre- and post-judgment interest for its infringement of the Asserted Patents as provided under 35 U.S.C. § 284;

F. For a judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Innovative Transmission its reasonable attorneys' fees; and

G. For such other and further relief in law and in equity as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Innovative Transmission hereby demands a trial by jury of this action.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Marc Belloli*

Marc Belloli (Lead Counsel)
California Bar No. 244290
mbelloli@bdiplaw.com
M. Elizabeth Day
California Bar No. 177125
eday@bdiplaw.com
Richard Lin
California Bar No. 209233
rlin@bdiplaw.com
Hillary Bunsow
California Bar No. 278719
hbunsow@bdiplaw.com
**BUNSOW DE MORY LLP**
701 El Camino Real,
Redwood City, CA 94063
Tel: (650) 351-7248
Fax: (415) 426-4744

Of Counsel:

Andrea L. Fair
Texas Bar No. 24078488
MILLER FAIR HENRY PLLC
1507 Bill Ownes Parkway
Longview, Texas 75604
Tel.: 903-757-6400
Fax.: 903-757-2323

*Attorneys for Plaintiff*
INNOVATIVE TRANSMISSION LLC.